# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,**<br>        Plaintiff,<br><br>        v.<br><br>**ELI LILLY AND COMPANY, IMCLONE LLC AND BRISTOL MYERS SQUIBB COMPANY,**<br>        Defendants. | **CIVIL ACTION**<br><br><br><br>**NO. 15-6133** |

## SCHEDULING ORDER No. 1

**AND NOW**, this 11th day of February, 2016, following a Preliminary Pretrial Conference, **IT IS ORDERED** as follows:

1. This case is referred to Magistrate Judge Richard Lloret for a settlement conference. On or before May 3, 2016, counsel for the parties shall contact United States Magistrate Judge Richard Lloret to schedule a settlement conference.

2. Counsel shall confer with their clients prior to all scheduling, status, or pretrial conferences to obtain authority to participate in settlement negotiations which may be conducted or ordered by the Court.

3. Oral argument on Defendants' Motion to Dismiss shall be held on April 22, 2016 at 2:00 p.m. in Courtroom 3-B.

4. Pursuant to Federal Rule of Civil Procedure 26(b)(2)(A):

    a) Leave is granted for Plaintiff to serve 20 common interrogatories on all Defendants and 10 additional interrogatories on each Defendant. Defendants are granted leave to collectively serve a total of 35 interrogatories on Plaintiff.

b) Plaintiff is limited to serving 25 requests for admission on each party, and Defendants are collectively limited to serving a total of 50 requests for admission on Plaintiff.

c) The parties are granted leave to conduct more than 10 depositions, pursuant to Rule 30(a)(2)(A)(i). Each deposition remains limited to 1 day of 7 hours, pursuant to Rule 30(d)(1).

5. The parties shall apply for a protective order no later than February 16, 2016.

6. Plaintiff shall serve on the Defendant a Disclosure of Asserted claims and Infringement Contentions by February 24, 2016. After this date the Plaintiff shall obtain leave of court prior to adding or amending infringement contentions.

7. Defendants shall serve on Plaintiff a Disclosure of Non-Infringement and/or Invalidity Contentions by March 9, 2016. After this date the Defendant shall obtain leave of court prior to adding or amending invalidity contentions.

8. Each party shall simultaneously exchange Proposed Claim Terms, Phrases and Claim Elements for Construction by March 30, 2016. Additionally, each party shall simultaneously exchange preliminary proposed constructions and supporting intrinsic evidence for each identified Proposed Claim Term, Phrase, and Claim Element by April 13, 2016.

9. The Parties shall meet and confer by April 20, 2016 to identify claim terms and phrases that are in dispute, and claim terms and phrases that are not in dispute. As part of this process, the parties shall discuss the reasons for seeking construction of each claim term, to identify how the parties' proposed constructions differ, and to ascertain ways in which resolution of each such dispute will impact the merits of the case.

10. The parties shall prepare and file a Joint Disputed Claim Terms Chart that includes each party's proposed constructions by May 20, 2016. Each party shall also file with the Joint Disputed Claim Terms Chart an appendix containing a copy of each item of intrinsic evidence cited by the party in the Joint Disputed Claim Terms Chart.

11. By June 20, 2016, the parties shall meet and confer as to whether, in the parties' view, it would be useful in this case to jointly prepare and file with the Court a video tutorial concerning the technology involved in the patent at issue.

12. By July 20, 2016, the parties shall identify extrinsic evidence regarding Claim Construction, and exchange expert declarations or other disclosures on claim construction for any experts who will submit declarations or testify regarding claim construction at the Claim Construction Hearing.

13. All Claim Construction Discovery shall be completed by August 19, 2016.

14. Plaintiff shall file and serve an Opening Claim Construction brief and an identification of extrinsic evidence by September 2, 2016.

15. The opposing party shall file and serve a response to the Opening Claim Construction brief, an identification of extrinsic evidence and any objections to extrinsic evidence by September 16, 2016.

16. The opening party may serve and file a Reply directly rebutting the opposing party's response, and any objections to extrinsic evidence by September 23, 2016.

17. Defendants may file a Surreply directly rebutting the Plaintiff's Reply by September 30, 2016.

18. A Claim Construction telephone status conference will be held on October 14, 2016 at 10:00 a.m.

19. The parties shall file with the court a supplemental joint Claim Construction chart no later than October 13, 2016 at 10:00 a.m.

20. The Court will conduct a hearing on the issue of Claim Construction on November 1, 2016 at 9:00 a.m. in Courtroom 3-B.

21. The Court will endeavor to issue a Ruling on Claim Construction no later than December 30, 2016.

22. Not later than 50 days after service by the Court of its Claim Construction Ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall:

   a. Produce or make available for inspection and copying any written advice and documents related thereto for which the attorney-client privilege and work product protection have been waived;

   b. Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

   c. Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who fails to comply with this requirement shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties and/or by order of the Court.

23. Fact discovery shall be completed by 75 days after the Claim Construction ruling.

24. No later than 5 days after the close of discovery, the parties shall contact the Court to schedule a status conference concerning further deadlines in this matter.

        **BY THE COURT:**

        **/S/WENDY BEETLESTONE, J.**

        _____
        **WENDY BEETLESTONE., J.**