IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA | : : : | CIVIL ACTION |
| vs. | : : | |
| ELI LILLY AND COMPANY, IMCLONE LLC and BRISTOL- MYERS SQUIBB COMPANY | : : : | NO. 15-6133 |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                            MAY 31, 2016

Presently before the Court is Defendants', Eli Lilly and Company, ImClone LLC, and Bristol-Myers Squibb Company, (collectively, "Defendants") Motion to Dismiss Plaintiff, the Trustees of the University of Pennsylvania's allegations that Defendants infringed claims 32-40 of U.S. Patent No. 7,625,558, ("the '558 patent"). Defendants allege that the claims 32-40 are "improper multiple dependent claims" and are invalid on their face.[1] Defendants argue further, that because it is impossible to infringe an invalid patent claim, Plaintiff cannot allege any set of facts under which Defendants would be liable for infringement of these claims.

Plaintiff agrees that as currently drafted claims 32-40 are improper as multiple dependent claims and that that type of drafting is not allowed under 35 U.S.C. § 112, ¶ 5. Plaintiff contends, however, that where the mistake and the corresponding correction are obvious, the Court has the authority to correct the patent.

LEGAL STANDARDS

---

[1] A claim is an improper multiple dependent claim if *any* of its parent claims are multiple dependent claims.

When reviewing a Complaint for purposes of a Motion to Dismiss, the Court must "accept all factual allegations as true [and] construe the Complaint in the light most favorable to the Plaintiff." DelRio-Mocci v. Connolly Props., 672 F.3d at 245 (citing Warren Gen. Hosp., 543 F.3d at 84).

DISCUSSION

While it is true that Courts can correct some patent mistakes, Courts can only correct "minor typographical and clerical errors". Novo Industries, L.P. vs. Micro Molds Corp., 350 F.3d 1348, 1357 (2003). The mistake by Plaintiff in this case is not a misspelling or a wrong keystroke or a mistake of punctuation, it is a legal error that clearly violates 35 U.S.C. § 112, ¶ 5. Legal errors as to how to draft a claim cannot be fixed by a Court. Federal Courts have long recognized that Courts may not redraft claims, whether to make them operable or to sustain their validity. Chef America vs. Lamb-Weston, Inc., 358 F.3d 1371 (2004).

Even if this was the type of mistake that Courts, as opposed to the PTO, could correct, "A District Court can correct a patent only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specifications and (2) the prosecution history does not suggest a different interpretation of the claim." Novo Indus., 350 F.3d at U.S. at 1357. As the Defendants point out in their Reply Brief 5-7, there are multiple ways to correct the error in the present case. See, Novo Indus., 350 F.3d at 1358 (refusing to correct claims when the Court "cannot know what correction is necessarily appropriate").

Reference has been made to the mistake made by the Patent Examiner when renumbering the claims of Plaintiff's patent application. We agree with the defense argument, even if these errors were corrected the "claims" would still be invalid.

## CONCLUSION

Claims 32-40 of the '558 patent are improper multiple dependent claims and therefore violate 35 U.S.C. § 112, ¶5.  These mistakes are not the type of minor typographical and clerical errors that can be fixed by a Court.  The claims are invalid under 35 U.S.C. § 282 and cannot be the basis for an infringement lawsuit.

We therefore enter the following Order.