IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE TRUSTEES OF THE<br>UNIVERSITY OF PENNSYLVANIA,<br>Plaintiffs, | :<br>:<br>:<br>: | |
| v. | : | Civ. No. 15-6133 |
| ELI LILLY AND COMPANY, et al.,<br>Defendants. | :<br>:<br>:<br>: | |

# ORDER

Defendants, Eli Lilly and Company, et al., in this patent infringement case ask me to compel Plaintiffs, The Trustees of the University of Pennsylvania, to make available for Deposition the inventors Dr. Mark Greene, Dr. Donald O'Rourke, Dr. Byeong-Woo Park, and Dr. Ramachandran Murali. These individuals comprise fifty percent of the individuals listed in Plaintiffs' initial disclosures as likely to have discoverable information. (Plaintiffs' Initial Disclosures.) Each was listed as a potential source of information on "[t]he technology of the [] Patent," and "the prosecution, conception and reduction to practice of the [] Patent." (Id.) Plaintiffs refuse to schedule the depositions, offering arguments that their double-standard reveals as disingenuous. I will grant Defendants' Motion and amend the Scheduling Order accordingly.

On July 9, 2020, Defendants noticed the depositions for the four inventors. Defendants state that when the Parties met on September 4, 2020, Plaintiffs indicated that they would decline to offer dates for the depositions unless I granted their Motion for a Second Amended Scheduling Order. (Doc. No. 160.) In their Motion, Plaintiffs argued in part that they needed more time to take depositions. In my Second Amended Scheduling Order I partially granted their requests. (Doc. No. 168.) I extended the discovery deadline to September 29, 2020, including for initial expert reports on topics for which a Party carries the burden of persuasion. As requested, I

provided an additional extension for rebuttal reports.

Plaintiffs argue that depositions are not permitted under the Second Amended Scheduling Order for three reasons: (1) depositions are not discovery that is "served"; (2) Plaintiffs explicitly stated in their Motion to Amend the Scheduling Order (Doc. No. 160) that they lacked sufficient time to schedule the depositions; and (3) I did not compel the depositions when I amended the Scheduling Order. (Doc. No. 171, Exh. B.) Yet, Plaintiffs subsequently agreed to produce Dr. O'Rourke for an October 23rd deposition, and indicated that they would schedule the remainder if Defendants withdrew or modified their 30(b)(6) objections. (Doc. No. 171.) Plaintiffs also intend to depose two of Defendants' designees on October 20th and 23rd (they declined Defendants' offer to make the deponents available on September 14th and 15th), after all expert reports are due. (Id.)

It is difficult to understand how Plaintiffs could be undertaking these actions in good faith. I cannot determine whether Plaintiffs' contentious are intended to preclude appropriate discovery or to leverage Defendants to withdraw 30(b)(6) objections.

I have broad discretion to manage discovery. EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012); Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987) ("The conduct of discovery is a matter for discretion of the district court and its decisions will be disturbed only upon a showing of an abuse of discretion."). The discovery relief Defendants request here is entirely appropriate.

**AND NOW**, this 2nd day of October, 2020, upon consideration of Defendants' Letter Motion to Compel Depositions, Plaintiffs' Response, and Defendants' Letter in Support, it is hereby **ORDERED** that:

    **1.** Defendants' Motion is **GRANTED**. Plaintiffs shall make Dr. Mark Greene, Dr.

Donald O'Rourke, Dr. Byeong-Woo Park, and Dr. Ramachandran Murali available for video depositions **no later than** **October 13, 2020**. **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING DISMISSAL OF PLAINTIFF'S COMPLAINT.**

2. The September 17, 2020 Second Amended Scheduling Order (Doc. No. 168.) is **AMENDED** as follows:

    a. Parties shall exchange expert reports on subjects for which the parties bear the burden of persuasion and serve all other discovery other than rebuttal reports **no later than** **October 20, 2020**;

    b. If a Party already submitted expert reports, they may be amended based on the depositions compelled by this Order;

    c. Parties shall exchange expert rebuttal reports **no later than** **October 27, 2020**; and

    d. Depositions must be completed **no later than** **October 30, 2020**.

            **AND IT IS SO ORDERED.**

            */s/ Paul S. Diamond*
            _____
            Paul S. Diamond, J.